**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:99-CR-46 |
| | ) | (2:13-CV-317) |
| | ) | |
| KEVIN WASH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Movant's Pro Se Motion Under 28 USC § 2255(f)(3), or in the Alternative, Motion Pursuant to 28 USC § 2244(B) Under the Congressional Exception of the AntiTerrorism and Effective Death Penalty Act of 1996 to File a Second or Successive Motion Under 28 USC § 2255 (DE# 241); and (2) Motion for Appointment of Counsel (DE# 240); both filed by Defendant, Kevin Wash, on September 9, 2013. For the reasons set forth below, the motion for habeas relief (DE# 241) is **DISMISSED for lack of jurisdiction**. And, the motion for appointment of counsel is denied. The Clerk is **ORDERED** to **DISMISS** the civil case. Further, this Court declines to issue a certificate of appealability.

BACKGROUND

Following a jury trial, Petitioner was convicted on all four drug-related counts against him: (1) conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. section 846; (2) knowingly and intentionally possessing with the intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. section 841(a)(1); (3) knowingly and intentionally attempting to possess more than 50 grams of cocaine base, in violation of 18 U.S.C. section 2; and (4) knowingly possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. section 924(c). Petitioner was sentenced to 300 months imprisonment.

The Seventh Circuit Court of Appeals rejected Petitioner's direct appeal on November 2, 2000. *See United States v. Wash*, 231 F.3d 366 (7th Cir. 2000). Petitioner pursued a pro se writ of certiorari, which was rejected by the Supreme Court on May 29, 2001. Wash then filed his 28 U.S.C. section 2255 petition collaterally attacking his sentence, claiming his attorney rendered constitutionally ineffective assistance of counsel by: (1) failing to challenge the sufficiency of the evidence supporting the grand jury's indictment; (2) failing to file a motion to suppress the search of 530 East 21st Place in Gary, Indiana; and (3) failing to raise on appeal the dismissal of a juror whose absence from the jury eventually resulted in a mistrial when fewer than 12 jurors

remained. Finding none of Wash's arguments persuasive, this Court denied Wash's section 2255 petition. Wash then filed a motion requesting this Court issue him a certificate of appealability concerning Wash's *Blakely/Booker* claims, which was denied as well.

Wash has filed the instant request to file another section 2255 petition, arguing that a new rule of constitutional law applies to his case.

DISCUSSION

Section 2255 Petition

As Wash was informed in May of 2005:

A movant seeking to appeal the denial of a section 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). In the absence of a specific request for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. Fed. R. App. P. 22(b); Seventh Cir. R. 22.1(b); *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997). The Court will treat this notice of appeal as such a request.
    Wash may obtain a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Herrera v. United* States, 96 F.3d 1010, 1012 (7th Cir. 1996); *United States v. Maloney*, No. 97 CV 7142, 1998 WL 748265, at *1 (N.D. Ill. Oct. 21, 1998). To satisfy this standard, Petitioner must demonstrate the issues he wishes to appeal are "debatable among jurists of reason" or that a court could "resolve the issues" differently, or that the questions presented in his motion are "adequate to deserve encouragement to proceed further." *Porter,* 112 F.3d at 1312 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *Herrera*, 96 F.3d at 1012.

Because Wash has already filed a section 2255 motion with this

Court, his current section 2255 motion is considered a second or successive collateral attack on his conviction or sentence. He concedes that he has not obtained (or even sought as far as this Court is aware) permission from the Seventh Circuit Court of Appeals to file this successive section 2255 motion, and, therefore, it must be dismissed. Therefore, Wash's motion is **DISMISSED** for lack of jurisdiction.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, the Court concludes that Wash's motion is successive and has not been certified by the Seventh Circuit Court of Appeals. The Court finds no basis for a

determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the motion for habeas relief (DE# 241) is **DISMISSED for lack of jurisdiction**. And, the motion for appointment of counsel is denied. The Clerk is **ORDERED** to **DISMISS** the civil case. Further, this Court declines to issue a certificate of appealability.

DATED: October 4, 2013          /s/RUDY LOZANO, Judge
                                         United States District Court