# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATE OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 2:99-CR-46-TLS |
| KEVIN DUSHAUN WASH | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [ECF No. 286]. In that Motion, the Defendant and the Government agree that the Fair Sentencing Act's modified penalty structure would have applied to Defendant Kevin Dushaun Wash's crack-cocaine convictions had the Act been in effect at the time of his sentencing. The U.S. Probation office concurs. The Joint Motion requests that the Court reduce the Defendant's sentence, and enter an amended judgment sentencing him to time served and eight years of supervised release.

**BACKGROUND**

On March 19, 1999, the Defendant was charged by way of indictment with the following: Count 1—Conspiracy to distribute 50 grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846; Count 2—Distribution of 5 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1); Count 3—Possession with the intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1); Count 4—Possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and § 2.

On September 13, 1999, the Government filed notice of a proposed sentencing enhancement pursuant to 21 U.S.C. § 851, subjecting the Defendant to increased penalties,

including a mandatory minimum sentence of 240 months. On September 21, 1999, a jury found the Defendant guilty on all four counts. As a result, he faced a mandatory minimum of 20 years imprisonment on Count 1, a mandatory minimum of 10 years on both Counts 2 & 3, and a mandatory minimum of five years on Count 4 that had to be served consecutively to Counts 1, 2, and 3.

The Defendant was determined to be responsible for 223.55 grams of crack cocaine. Under the then-existing Guidelines, 223.55 grams of crack resulted in a base offense level of 34. The Defendant's range was increased by two levels for obstruction of justice resulting in a total offense level of 36 and a guideline range between 210–262 months imprisonment on Counts 1, 2, and 3. Due to the statutory mandatory minimum of 240 months on Count 1, the lower end of the guideline range was increased from 210 to 240 months resulting in a final guideline range of 240 to 262 months imprisonment on Counts 1, 2, and 3 with an additional 60 months consecutive on Count 4.

The Defendant was sentenced to 240 months in each of Counts 1, 2, and 3, to be served concurrently with each other, and 60 months on Count 4, to be served consecutive to Counts 1–3, for a total sentence of 300 months.

**DISCUSSION**

The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act, § 404 (b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3,

2010. First Step Act, § 404 (a). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The parties agree that the Defendant meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act. The Defendant's statutory range in Counts 1 and 3 has been reduced from a minimum of 20 years to a minimum of 10 years. His statutory range in Count 2 has been reduced and the mandatory minimum has been eliminated. The statutory range for Count 4 remains the same. Under retroactive amendments to the United States Sentencing Guidelines, his amended offense level has been reduced to 30. With a criminal history category of II, the Defendant's new advisory guideline range has become 108–135 months imprisonment. However, the mandatory minimum sentences in Counts 1 and 3 still result in a mandatory minimum of 120 months plus the additional, consecutive 60 months in Count 4.

The Defendant has been in custody since February 1999. Accordingly, the parties jointly request that the Court reduce his sentence to time served. The Government requests that the Court delay the Defendant's release for a period of at least ten calendar days from the date of the Court's order, which will enable the Bureau of Prisons to take proper administrative steps.

The parties also agree that the Defendant is eligible for a reduction of his term of supervised release. The Court originally imposed the 10-year mandatory minimum term of supervised release. The minimum term of supervised release under the Fair Sentencing Act is 8 years. The parties agree that all the conditions of supervised release shall remain the same.

The Addendum provided by the U.S. Probation Office indicates that the Defendant has had numerous disciplinary problems during his term of incarceration, but there are no dates provided for the incidents, and the Government has not suggested that the Defendant's record presents a public safety risk that cannot be addressed through supervision. Additionally, the Defendant has completed numerous education programs. Having considered the Joint Motion, and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to time served, to be followed by 8 years of supervised release.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Joint Motion [ECF No. 286] is GRANTED;

2. An amended judgment be entered reducing the Defendant's sentence to Time Served, and reducing the term of supervised release on Counts 1, 2, and 3 to 8 years;

3. The provisions of the Defendant's previous judgment of January 14, 2000, shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the Defendant's release and to permit the Probation Officer to approve a reentry plan; and

5. This Opinion and Order be provided to the Bureau of Prisons.

SO ORDERED on March 12, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT